**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

John Dylla,

                Plaintiff,

                                      Civ. No. 07-3203 (RHK/JSM)
                                      **MEMORANDUM OPINION
                                      AND ORDER**

v.

Aetna Life Insurance Company,

                Defendant.

Stuart L. Goldenberg, Goldenberg & Johnson, PLLC, Minneapolis, Minnesota, for Plaintiff.

Andrew J. Holly, Dorsey & Whitney LLP, Minneapolis, Minnesota, for Defendant.

**INTRODUCTION**

Plaintiff John Dylla alleges in this action that Defendant Aetna Life Insurance Company ("Aetna") wrongfully terminated his benefits under a long-term disability plan. Aetna has moved to dismiss, arguing that Dylla failed to appeal the termination of his benefits within the time limit set forth in the plan and that the disabling conditions on which he bases his claim are specifically excluded from coverage under the plan. For the reasons set forth below, the Court will deny Aetna's Motion.

**BACKGROUND**

Dylla was covered by a long-term disability plan (the "Plan") sponsored by his employer United Defense Industries. (Compl. ¶ 3.) Aetna issued a group policy

outlining the terms of coverage. (Compl. ¶¶ 3-4; Capozzi Decl. Exs. A-C.) Under the Plan, a participating employee was eligible for disability-income payments for an initial period of 24 months if he was "totally disabled," that is, unable to perform the material duties of *his* occupation because of an injury or disease. (Capozzi Decl. Ex. B at 3.) After the first 24 months, an employee would be entitled to disability benefits only if he was unable to work at *any* reasonable occupation because of an injury or disease. (Id.) Furthermore, the Plan provided that these benefits would end if the disability was caused to any extent by a mental condition described in the Diagnostic and Statistical Manual of Mental Disorders, 4th ed. ("DSM").[1] (Id. at 4.)

In June 2002, Dylla stopped working as a Senior Technical Writer for United Defense. (Goldenberg Aff. Ex. B at 2.) In August 2002, he was diagnosed with major depression, recurrent dysthymia, parasomnia, and personality disorder; he started receiving benefits under the Plan in December 2002. (Id. at 1-2.) In October 2004, Aetna performed an in-house medical review and concluded that Dylla was unable to work at any reasonable occupation. (Id.) Nonetheless, Aetna determined that Dylla was no longer eligible for benefits because his claimed disabling conditions of dysthymia, parasomnia, and personality disorder were all identified in the DSM. (Id. at 1, 3; Capozzi Decl. Ex. B at 4.) In December 2004, Aetna advised Dylla that he had 180 days to appeal

---

[1] The DSM is a manual of recognized mental conditions and disorders published by the American Psychiatric Association. (Def.'s Mem. at 1 n.1.) The Court will take judicial notice of the DSM. See United States v. Cantu, 12 F.3d 1506, 1509 n.1 (9th Cir. 1993) (taking judicial notice of the DSM) (citing United States v. Johnson, 979 F.2d 396, 401 (6th Cir. 1992) (same)).

2

the termination of his benefits, but he never availed himself of that right.  (Goldenberg Aff. Ex. B at 3-4.)

Dylla filed the instant action in Minnesota state court in June 2007, alleging that his benefits were wrongly terminated by Aetna.  (Compl. ¶ 5.)  He seeks past and future disability benefits under the Plan.[2]  (Id. ¶ 8.)  Aetna removed the case to this Court; it now seeks dismissal.

## STANDARD OF DECISION

The standard for evaluating a motion to dismiss is set forth in Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955 (2007).  To avoid dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face."  Id. at 1974.  While Rule 8 of the Federal Rules of Civil Procedure does not require the pleading of "detailed factual allegations," a plaintiff nevertheless must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65 (citation omitted).  Thus, a complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery."  Id. at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible."  Id. at 1974.  When a court reviews a motion to dismiss,

---

[2] There is no dispute that the Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Id. at 1964-65.

## ANALYSIS

Aetna argues that the Court should dismiss Dylla's Complaint because Dylla has failed to exhaust his administrative remedies.  (Def.'s Mem. at 6-8.)  Aetna also asserts that Dylla's claim is barred under the Plan's "mental illness" exclusion.  (Id. at 8-9.)

In response, Dylla argues that the Court should excuse his failure to exhaust because he was mentally incapable of understanding his right to appeal and even if he had been capable, his appeal would have been futile.  (Pl.'s Opp'n Mem. at 10-12.)  Dylla also claims that Aetna wrongfully terminated his claim for long-term disability benefits because the DSM excludes mental conditions caused by an underlying medical condition.[3]  (Id. at 4-7.)  In particular, he argues that his mental condition arises out of his degenerative brain disease and, consequently, Aetna's basis for denial of benefits was erroneous.  (Id. at 7-8.)  To support both of these arguments, Dylla has submitted a number of exhibits, including Dr. Suzanne Wright's Psychological Consultation Report from August 2004, Dr. Bradley F. Boeve's diagnosis of Dylla *in June 2007*, and an article entitled "REM Sleep Behavior Disorder Found to be Precursor of Brain-Degenerating Diseases Later in Life."  (Goldenberg Aff. Exs. A, C, D.)  However, these

---

[3] Dylla also argues that the mental-illness exclusion in the Summary Plan Description ("SPD") differs from the terms of the Plan document and, therefore, the terms of the SPD should control. (Pl.'s Opp'n Mem. at 8.)  However, Dylla has cited to an incorrect version of the Plan's SPD. (Def.'s Reply Mem. at 5; Goldenberg Aff. Ex. F. at 12.)  Aetna's SPD is merely a summary of the terms of the Plan. (Compare Capozzi Decl. Ex. C at 10 with Capozzi Decl. Ex. B at 4.)

4

exhibits were not attached to his Complaint; they were provided to the Court only in response to Aetna's Motion.

When "matters outside the pleadings are presented to and not excluded by the court" on a motion to dismiss, the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" Fed. R. Civ. P. 12(b)(6). As this rule suggests, the Court has discretion not to consider matters extraneous to the pleadings when ruling on a motion to dismiss. See Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002) ("Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion.") (citation omitted). Indeed, when reviewing a motion to dismiss, the Court "generally must ignore materials outside the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, the Court may consider materials that are outside the pleadings if such materials are "necessarily embraced" by them. Id. at 1079. For example, materials are necessarily embraced by the complaint if they were mentioned or incorporated by reference in the complaint. Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992).

Dylla's Complaint does not include any reference to Dr. Wright's report, Dr. Boeve's report or the medical article.[4] Therefore, the Court declines to consider such materials and will not convert Aetna's Motion into a motion for summary judgment at this early stage of the litigation. Indeed, it would be inappropriate to decide this case on

---

[4] Aetna submitted the Plan document and both parties submitted a Summary Plan Description and the letter denying Dylla's claim for benefits. The Court will consider these materials because they are necessarily embraced by Dylla's Complaint. See Porous, 186 F.3d at 1079.

an undeveloped factual record that is limited solely to the materials submitted by Dylla. Thus, the Court will analyze the Motion under the Rule 12(b)(6) standard set forth above. Under that standard, the Court concludes that Aetna's Motion must be denied.

As to Aetna's first argument, that Dylla failed to exhaust his administrative remedies, ERISA does not contain an express requirement that employees exhaust contractual remedies prior to bringing suit. Conley v. Pitney Bowes, 34 F.3d 714, 716 (8th Cir. 1994). The Eighth Circuit, however, has recognized a judicially created exhaustion requirement under ERISA. Kinkead v. Sw. Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67, 70 (8th Cir. 1997). Nonetheless, failure to exhaust administrative remedies is generally considered an affirmative defense and not a pleading requirement. See Jones v. Bock, ___ U.S.___, 127 S. Ct. 910, 919 (2007) ("the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense"). Because the applicability of this affirmative defense often involves a factual inquiry, it is not generally amenable to resolution on a Rule 12(b)(6) motion. Thus, the Court will not consider this issue at the motion-to-dismiss stage.

As to Aetna's second argument, that the Plan excludes payment for disabilities caused "to any extent" by a mental condition listed in the DSM, Aetna is correct that Dylla has alleged that his disability is caused by dysthymia, parasomnia, and personality disorder, each of which appears in the DSM. Yet, the DSM also provides that dysthymic disorder is "not diagnosed if the disturbance is due to . . . a general medical condition." (Goldenberg Aff. Ex. E.) Furthermore, this same diagnostic exclusion applies to parasomnia, such as "Nightmare Disorder." (Id.) At this juncture, Dylla's Complaint

6

must be liberally construed, and under <u>Twombly</u>, he need only plead "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. Dylla has done so here because he has pleaded that his disabling conditions entitle him to coverage under the Plan, which is entirely plausible because such conditions are not necessarily diagnosed in the DSM. Accordingly, the Court will deny Aetna's Motion.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Aetna's Motion to Dismiss (Doc. No. 4) is **DENIED**. The parties shall contact Magistrate Judge Mayeron to schedule a pretrial scheduling conference.

Date:  November  16 , 2007

                                           s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge