**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

John Dylla,

       Plaintiff,

Civ. No. 07-3203 (RHK/JSM)
**MEMORANDUM OPINION
AND ORDER**

v.

Aetna Life Insurance Co.,

       Defendant.

Stuart L. Goldenberg, Goldenberg & Johnson PLLC, Minneapolis, Minnesota, for Plaintiff.

Andrew J. Holly, Stephen P. Lucke, Dorsey & Whitney LLP, Minneapolis, Minnesota, for Defendant.

**INTRODUCTION**

In this action, Plaintiff John Dylla has sued the administrator of his employee-disability benefit plan (the "Plan"), Aetna Life Insurance Co. ("Aetna"), seeking to recover unpaid benefits after Aetna denied his claim for continued long-term disability ("LTD") benefits. Aetna now moves for summary judgment. For the reasons set forth below, the Court will grant the Motion.

**BACKGROUND**

The pertinent factual background of this case is set forth in detail in the Court's prior opinion, see Dylla v. Aetna Life Ins. Co., Civ. No. 07-3203, 2007 WL 4118929 (D.

Minn. Nov. 16, 2007), and will not be repeated here; familiarity with the Court's prior opinion is assumed.

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## ANALYSIS

Aetna argues that the present action must be dismissed because Dylla failed to exhaust his administrative remedies before its commencement. (Def. Mem. at 9-13.) Dylla's claim for past unpaid LTD benefits falls under the purview of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1132. While ERISA does not expressly require "that employees exhaust contractual remedies prior to bringing suit," the Eighth Circuit has "recognized a judicially created exhaustion requirement." Wert v. Liberty Life Assur. Co. of Boston, Inc., 447 F.3d 1060, 1062 (8th Cir. 2006). Thus, "benefit claimants must exhaust [administrative remedies] before bringing claims for wrongful denial to court." Galman v. Prudential Ins. Co. of Am., 254 F.3d 768, 770 (8th Cir. 2001). The purposes served by this exhaustion rule are many and include "giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, decreasing the cost and time of claims resolution, assembling a fact record that will assist the court if judicial review is necessary, and minimizing the likelihood of frivolous lawsuits." Id.

Dylla does not dispute that he failed to pursue an administrative appeal of his ineligibility determination. He argues instead that the failure to exhaust his administrative remedies should be excused under two alternative theories: (1) he was unable to "comprehend complex financial and legal issues" as a result of his

mental incapacity; and (2) even if he were psychologically capable of exhausting administrative remedies, such remedies were futile.[1]

## A. Mental Incapacity

Dylla argues that mental incapacity should be recognized by the Court as an exception to the ERISA exhaustion rule. (Mem. in Opp'n at 13-16.) This proposed exception however, has not been recognized by the Eighth Circuit or the Supreme Court. Indeed, Dylla has not cited, and this Court has not found, any federal case acknowledging a mental-incapacity exception to the ERISA exhaustion rule. Therefore, this Court declines the invitation to create such an exception in this case.

Even if the Court were to create a mental incapacity exception to the ERISA exhaustion rule, Dylla has put forth scant evidence that he would qualify for such an exception. Dylla had the mental capacity to file the initial claim for LTD benefits and then to file for continuing benefits. The Court finds no reason to consider Dylla mentally incapacitated for the purpose of his administrative appeal.

---

[1] In his brief and at oral argument, Dylla suggests that he did not receive notice of his right to an administrative appeal. (Mem. in Opp'n at 4-5.) However, Dylla does not argue that his failure to exhaust administrative remedies should be excused for lack of notice, and he cites no case law on the issue. Accordingly, the Court need not address this question. Nevertheless, the Court notes that there is no genuine issue of material fact with regard to whether Dylla received notice of his appeal right. There is no dispute that Aetna sent a letter informing Dylla of his right to an administrative appeal. (Mem. in Opp'n at 4.) Moreover, Aetna has supplied phone records indicating that Mrs. Dylla was directly informed of her husband's administrative appeal right. (Capozzi Aff. ¶¶ 4-5; Admin. R. at 100120.) While Mrs. Dylla does not recall this conversation, a prior statement indicates that Mrs. Dylla did not pursue an administrative appeal not because she was unaware of the appeal right, but rather because it was too stressful. (L. Dylla Dep. Tr. at 69; J. Dylla Dep. Tr. Ex. 9.)

**B.  Futility**

Dylla next argues that even if he had been mentally competent to pursue an administrative appeal of his ineligibility determination, such an appeal would have been futile because he was "lacking information to rebut defendant's position that his disability was psychological in nature."  (Mem. in Opp'n at 17.)  Dylla is correct that "futility" is a recognized exception to the ERISA exhaustion rule.  Wert, 447 F.3d at 1065 (citing Back v. Danka Corp., 335 F.3d 790, 792 (8th Cir. 2003)).  However, the Eighth Circuit has yet to give the term "futility" a clear definition.

Other courts have applied the futility exception in "only the most exceptional circumstances."  Peter Kiewit Sons' Co. v. U.S. Army Corps of Eng'rs, 714 F.2d 163, 168-69 (D.C. Cir. 1983) (internal quotations and citation omitted).  The Tenth Circuit recognizes futility only when "resort to administrative remedies would be 'clearly useless.'"  McGraw v. Prudential Ins. Co. of Am., 137 F.3d 1253, 1264 (10th Cir. 1998) (quoting Commc'ns Workers of Am. v. AT & T, 40 F.3d 426, 432 (D.C. Cir. 1994)).  According to the Eleventh Circuit, the test for futility is not "whether the employee['s] claims would succeed, but whether the employee[] could have availed [himself] of the grievance procedure."  Mason v. Cont'l Group, Inc., 763 F.2d 1219, 1224 (11th Cir. 1985) (citing Republic Steel Corp. v. Maddox, 379 U.S. 650, 659 (1965)).  Finally, the Seventh Circuit requires a plaintiff asserting futility to demonstrate that "it is certain that [the] claim will be denied on appeal, not merely that he doubts that an appeal will result in a different

5

decision." Zhou v. Guardian Life Ins. Co. of Am., 295 F.3d 677, 680 (7th Cir. 2002) (internal quotations and citation omitted). Thus, if "a party has proffered no facts indicating that the review procedure that he initiated will not work, the futility exception does not apply." Id.

Although the Eighth Circuit has not adopted a definition of "futility," the consensus among the circuits is that administrative remedies are not futile unless the evidence clearly demonstrates that the remedy would be of no avail and would certainly result in an unfavorable decision. Under this definition, which the Court finds appropriate and likely to be adopted by the Eighth Circuit, Dylla's administrative remedies were not futile.

In support of his futility claim, Dylla relies upon Ruttenberg v. United States Life Insurance Company. 413 F.3d 652 (7th Cir. 2005). In Ruttenberg, a futility determination was found not to be an abuse of discretion when "[t]he history of [the] matter, both before the district court and in administrative proceedings, [provided] ample support" for the notion that further administrative appeal was futile. Id. at 663. This history included a protracted, two-year administrative claim process where the insurance company "contested every medical opinion favorable to" the claimant. Id. In contrast, Dylla has provided no evidence demonstrating futility in this case. Instead, Dylla claims that exhaustion was futile because he was "lacking information to rebut" Aetna's position that his disability was psychological in nature. (Mem. in Opp'n at 17.) Nevertheless, this argument is without merit because Dylla has put forth no evidence demonstrating

6

that he was somehow precluded from attaining such information in a timely fashion. Indeed, there is no reason why evidence currently possessed by Dylla regarding the physical impetus of his disability could not have been obtained four years ago in connection with his administrative appeal.

There is no genuine issue of material fact to lead the Court to excuse the exhaustion requirement in this case. Even if an unfavorable decision upon administrative appeal were extremely likely, Dylla has not submitted any evidence demonstrating that such a decision was a foregone conclusion. Therefore, exhaustion of administrative remedies was not futile and Aetna's Motion for Summary Judgment must be granted.[2]

## CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 22)

---

[2] Because Dylla has failed to exhaust his administrative remedies, the Court need not address the merits of his underlying claim for continued LTD benefits. Nevertheless, the Court notes, without deciding the issue, that Dylla would be unlikely to succeed on the merits of his claim if they were to be reached by the Court. A review of the administrative record reveals ample evidence indicating that the administrator's determination was not an abuse of discretion. Evidence outside the administrative record would not be considered by the Court. See Maune v. Int'l Bhd. of Elec. Workers, Local No. 1, Health & Welfare Fund, 83 F.3d 959, 963 (8th Cir. 1996). Additionally, Dylla's argument that the summary plan language should control is equally dubious because he cannot demonstrate detrimental reliance as required by Eighth Circuit precedent. See Anderson v. Alpha Portland Indus., Inc., 836 F.2d 1512, 1520 (8th Cir. 1988) (quoting Lee v. Union Elec. Co., 789 F.2d 1303, 1308 (8th Cir. 1986)).

8

is **GRANTED** and Plaintiff's Complaint (attached as Ex. 1, Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 22, 2008                    /Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge